1  | 31
WANGER JONES HELSLEY
2  | A Professional Corporation
Riley C. Walter #91839
3  | Kathleen D. DeVaney #156444
2265 East River Park Circle, Ste. 310
4  | Fresno, CA 93720
Telephone:    (559) 435-9800
5  | Facsimile:    (559) 435-9868
E-mail:        rwalter@wjhattorneys.com
6

7

8  |                    IN THE UNITED STATES BANKRUPTCY COURT

9  |                        EASTERN DISTRICT OF CALIFORNIA

10 |                             FRESNO DIVISION

11 | In re                                    CASE NO.  18-13677

12 | COALINGA REGIONAL MEDICAL          Chapter 9
CENTER, a California local health
13 | care district,                          DC No.:  WJH-1

14 |                                          Date:      September 12, 2019
15 |          Debtor.                         Time:      9:30 a.m.
Place:     2500 Tulare Street
16 | Tax ID #:     94-6003161                            Fresno, CA  93721
Address:      1191 Phelps Avenue                     Courtroom 13
17 |               Coalinga, CA 93210         Judge:     Honorable René Lastreto II

18

19

20 |       PLAN FOR THE ADJUSTMENT OF DEBTS AS OF JUNE 30, 2019

21 |         Coalinga Regional Medical Center, a California Local Healthcare District, a

22 | Chapter 9 debtor, proposes the following plan of adjustment under Section 941 of the

23 | Bankruptcy Code for the resolution of its debts.  All impaired Creditors and other

24 | parties-in-interest should refer to the Disclosure Statement for a discussion of the

25 | Debtor's financial condition, developments during the Chapter 9 Case and for a

26 | summary and analysis of the Plan and certain related matters.  ***All holders of impaired***

27 | ***Claims against the Debtor are encouraged to read the Plan, the Disclosure***

28

## Table of Contents

ARTICLE I DEFINITIONS AND RULES OF INTERPRETATION ................................... 2

ARTICLE II TREATMENT OF UNCLASSIFIED CLAIMS ............................................... 9

ARTICLE III CLASSIFICATION OF CLAIMS .............................................................. 11

ARTICLE IV TREATMENT OF CLAIMS ..................................................................... 12

ARTICLE V IMPLEMENTATION OF THE PLAN ......................................................... 15

ARTICLE VI EXECUTORY CONTRACTS AND UNEXPIRED LEASES ...................... 19

ARTICLE VII CONDITIONS PRECEDENT ................................................................. 21

ARTICLE IX RETENTION OF JURISDICTION ........................................................... 24

ARTICLE X AMENDMENT AND WITHDRAWAL OF PLAN ......................................... 26

ARTICLE XI MISCELLANEOUS ................................................................................ 26

*Statement and the related solicitation materials in their entirety before voting to accept or reject the Plan.*

Subject to the restrictions on modifications set forth in Section 942 of the Bankruptcy Code and Bankruptcy Rule 3019, and those restrictions on modifications set forth in Section 10.1 of this Plan, the Debtor expressly reserves the right to alter, amend or modify the Plan one or more times before its effectiveness.

## ARTICLE I

## DEFINITIONS AND RULES OF INTERPRETATION

For purposes of this Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined herein have the meanings ascribed to them in Article I of the Plan. Any term used in the Plan that is not defined herein but is defined in the Bankruptcy Code or the Bankruptcy Rules retains the meaning specified for such term in the Bankruptcy Code or the Bankruptcy Rules, as applicable. Whenever the context requires, such terms include the plural as well as the singular, the masculine gender includes the feminine gender, and the feminine gender includes the masculine gender.

As used in this Plan, the following terms have the meanings specified below:

**1.1    Administrative Claim.** A Claim for an administrative expense of the Chapter 9 Case that is Allowed under Sections 901 and 503 of the Bankruptcy Code and entitled to priority under Section 507(a)(2) of the Bankruptcy Code.

**1.2    Administrative Claim Bar Date.** The date established pursuant to the Order by which (a) certain entities asserting a Claim or entitlement for an administrative expense of the Chapter 9 Case must have filed a request for payment with the Bankruptcy Court under Sections 503 and 901 of the Bankruptcy Code (including any requests for priority for the value of goods received by the Debtor within 20 days before the Petition Date pursuant to Section 503(b) of the Bankruptcy Code, whether or not a Claim for such amount has previously been filed in a proof of claim or listed in the List of Creditors) must be filed with the Bankruptcy Court, or be forever barred from asserting a

Claim against the Debtor or the Debtor or its property, voting on the Plan, and sharing in any distribution under the Plan.

**1.3**     **Agent.** Any shareholder, director, officer, employee, partner, member, agent, attorney, accountant, advisor or other representative of any person or entity (solely in their respective capacities as such, and not in any other capacity).

**1.4**     **Allowed.** Any Claim that is: (a) (i) timely filed on or before the Bar Date, Administrative Claim Bar Date or Rejection Claim Bar Date, as applicable, or (ii) deemed filed on the List of Creditors, and (b) (i) not Disputed, or (ii) allowed, but only to the extent allowed, by the Plan, by any agreement or stipulation between the Debtor and the holder of such Claim, or by a Final Order. The term "Allowed," when used to modify a reference in the Plan to any Claim or Class of Claims means a Claim (or any Claim in any such Class) that is so allowed.

**1.5**     **Assumption Obligations.** Any undisputed monetary amounts payable to the non-debtor party to any executory contract or unexpired lease, pursuant to Section 365(b)(1) of the Bankruptcy Code, as a condition to the assumption of such contract or lease.

**1.6**     **Ballot.** The form for acceptance of rejection of the Plan distributed to those Creditors entitled to vote on the Plan. Any Ballot which is executed by the holder of an Allowed Claim but which does not indicate an acceptance or rejection of the Plan shall be deemed to be an acceptance of the Plan.

**1.7**     **Bankruptcy Code.** Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended from time to time and as applicable to the Chapter 9 Case.

**1.8**     **Bankruptcy Court.** The United States Bankruptcy Court for the Eastern District of California having jurisdiction over the Chapter 9 Case and, to the extent of any reference under 28 U.S.C. § 157, the unit of such District Court under 28 U.S.C. § 151.

**1.9   Bankruptcy Rules.** Collectively, the Federal Rules of Bankruptcy Procedure as promulgated under 28 U.S.C. § 2075 and any Local Rules of the Bankruptcy Court, as applicable to the Chapter 9 Case.

**1.10   Bar Date(s).** April 12, 2019, which is the date fixed by the Bankruptcy Court by which all Persons (except governmental units or holders of Claims that appear in the List of Creditors and are not scheduled as disputed, contingent or unliquidated) asserting a Claim against the Debtor (except Administrative Claims) must file a proof of claim or, unless otherwise Allowed, be forever barred from asserting a Claim against the Debtor or the Reorganized Debtor or its property, voting on the Plan, and sharing in any distribution under the Plan.

**1.11   Business Day.** Any day other than a Saturday, Sunday, or legal holiday, as defined in Bankruptcy Rule 9006(a).

**1.12   Cash.** Cash and cash equivalents including checks drawn on a bank insured by the Federal Deposit Insurance Corporation, certified checks, money orders, negotiable instruments, and wire transfers of immediately available funds.

**1.13   Chapter 9 Case.** The case under Chapter 9 of the Bankruptcy Code in which the District is a debtor pending before the Bankruptcy Court.

**1.14   Claim.** A claim against the Debtor within the meaning of Section 101(5) of the Bankruptcy Code.

**1.15   Class.** A category of holders of Claims which are substantially similar in nature to the Claims of other holders placed in such category, as designated in Article III of this Plan.

**1.16   CMC.** Coalinga Medical Center, LLC.

**1.17   Confirmation.** Entry of the Confirmation Order.

**1.18   Confirmation Date.** The date on which the Bankruptcy Court enters the Confirmation Order.

-4-

**1.19　Confirmation Hearing.** The hearing or hearings held by the Bankruptcy Court to consider confirmation of the Plan under Section 943 of the Bankruptcy Code, as such hearing may be continued from time to time.

**1.20　Confirmation Order.** The order of the Bankruptcy Court (a) confirming the Plan in accordance with the Bankruptcy Code, (b) appointing the Disbursing Agent, and (c) determining that the deposit by the Reorganized Debtor of the Effective Date Deposit into the Plan Fund following the Effective Date shall, pursuant to Section 944(b)(3) of the Bankruptcy Code, secure the payment of the obligations of the Reorganized Debtor to Creditors as provided in the Plan.

**1.21　Creditor.** An entity within the meaning of Section 101(10) of the Bankruptcy Code.

**1.22　Debtor.** The District.

**1.23　Disbursing Agent.** The Person(s) designated to act as the disbursing agent under the Plan pursuant to Section 944(b) of the Bankruptcy Code for the purpose of making the Distributions required under the Plan. The Reorganized Debtor shall act as the Disbursing Agent under the Plan.

**1.24　Disclosure Statement.** The disclosure statement relating to the Plan including, without limitation, all exhibits and schedules to such disclosure statement, in the form approved by the Bankruptcy Court pursuant to Section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017.

**1.25　Disclosure Statement Order.** The *Order Approving Disclosure Statement; Fixing Time For Filing Acceptance Or Rejection Of Plan And Notice Of Confirmation Hearing on Chapter 9 Plan.*

**1.26　Disputed.** Any Claim that is: (a) identified in the List of Creditors as unliquidated, disputed, or contingent and for which no proof of Claim has been filed by the Creditor; or (b) as to which the Debtor or any other proper party-in-interest has interposed a timely objection or request for estimation, or has sought to equitably subordinate or otherwise limit recovery in accordance with the Bankruptcy Code and the

Bankruptcy Rules, or which is otherwise disputed by the Debtor in accordance with applicable law, and such objection, request for estimation, action to subordinate or limit recovery or other dispute has not been withdrawn or determined by a Final Order. The term "Disputed," when used to modify a reference in the Plan to any Claim or Class of Claims, means a Claim (or any Claim in any such Class) that is so disputed.

**1.27 Distribution.** A payment of Cash to the holder of an Allowed Claim pursuant to the Plan.

**1.28 District.** Coalinga Regional Medical Center, a political subdivision of the State of California.

**1.29 District Governing Body.** The elected directors and appointed officers of the District.

**1.30 District Law.** The Local Health Care District Law under Sections 32000 *et seq.* of the California Health and Safety Code.

**1.31 Effective Date.** The later of: (a) the first Business Day that is at least sixty (60) days after the Confirmation Date and on which no stay of the Confirmation Order is in effect; and (b) the Business Day on which all of the conditions set forth in Section 7.2 of the Plan have been satisfied or waived.

**1.32 Final Order.** An order or judgment of the Bankruptcy Court: (a) as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired; or (b) as to which no appeal, petition for certiorari, or other proceedings for reargument or rehearing is pending; or (c) as to which any right to appeal, petition for certiorari, reargue, or rehear has been waived in writing in form and substance satisfactory to the Debtor or the Reorganized Debtor; or (d) if an appeal, writ of certiorari, or reargument or rehearing has been sought, as to which the highest court to which such order was appealed, or certiorari, reargument or rehearing has determined such appeal, writ of certiorari, reargument, or rehearing, or has denied such appeal, writ of certiorari, reargument, or rehearing, and the time to take any further appeal, petition for certiorari, or move for reargument or rehearing has expired; provided, however, that

the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules, may be filed with respect to such order does not prevent such order from being a Final Order.

**1.33    Hospital.**  The District Hospital located at 1191 Phelps Ave., Coalinga California.

**1.34    Liability Claim.**  A Claim against the Debtor pursuant to (a) the Government Claims Law, or (b) the Workers' Compensation Law.

**1.35    Lien.**  A lien as defined in Section 101(37) of the Bankruptcy Code, but not including a lien that has been avoided in accordance with Sections 544, 545, 546, 547, 548, 553, or 549 of the Bankruptcy Code.

**1.36    List of Creditors.**  The *List of Creditors and Claims* filed by the Debtor pursuant to Section 924 of the Bankruptcy Code and Bankruptcy Rule 1007, as such list may have been or may be supplemented or amended from time to time.

**1.37    Medi-Cal.**  The Department of Health Care Services of the Health and Human Services Agency of the State of California.

**1.38    Medi-Cal Provider Agreement.**  Collectively, the health insurance benefit agreements for the participation of the District Hospital in the Medicaid plan administered by Medi-Cal.

**1.39    Medicare Provider Agreement.**  Collectively, the health insurance benefit agreements for the participation of the District Hospital in the Medicare program established pursuant to the Social Security Act.

**1.40    Person.**  Any individual, corporation, partnership or other "person" as defined in Section 101(41) of the Bankruptcy Code, as well as any governmental agency, governmental unit or associated political subdivision.

**1.41    Petition Date.**  September 7, 2018.

**1.42    Plan.**  This Chapter 9 plan of adjustment, either in its present form or as it may be amended, supplemented or modified from time to time, including all annexed exhibits and schedules.

**1.43 Plan Fund.** The segregated account established by the Reorganized Debtor on the Effective Date for the purpose of distributions to Class 8 under the Plan.

**1.44 Plan Payments.** All amounts to be paid by the Debtor or by any Person for services or expenses in or in connection with the Chapter 9 Case or the Plan pursuant to Section 943(b) of the Bankruptcy Code.

**1.45 Preference Actions.** Avoidance actions under Sections 547 and 550 of the Bankruptcy Code.

**1.46 Pro Rata.** Proportionately, so that, with respect to a Claim, the ratio of (a) (i) the amount of property distributed on account of a particular Claim to (ii) the Allowed Amount of the Claim, is the same as the ratio of (b) (i) the amount of property distributed on account of all Allowed Claims of the Class entitled to share in the applicable distribution to (ii) the amount of all Allowed Claims in the Class entitled to share in the applicable distribution.

**1.47 Reorganized Debtor.** The District on and after the Effective Date.

**1.48 Retained Claims and Defenses.** All claims, rights, interests, causes of action, defenses, counterclaims, cross-claims, third-party claims, or rights of offset, recoupment, subrogation or subordination held by the Debtor (including rights to or claims under any insurance policy issued to or for the benefit of the Debtor), whether or not pending on the Effective Date, not otherwise released or settled pursuant to a Final Order entered before the Effective Date, including Avoidance Actions.

**1.49 Revenue Bonds Claims.** Any Claims relating to or based upon the Revenue Bonds or related Bond Documents.

**1.50 Taxable Refunding Revenue Bonds, Series 2019.** District's Taxable Refunding Revenue Bonds, Series 2019 issued in the original aggregate principal amount of $11,000,000 that, from and after the Effective Date, shall (a) be Reinstated, (b) remain outstanding, and (c) be payable on the terms specified in the related Bond Documents and this Plan without amendments and modification.

**1.51  Secured Claim.** Any Claim secured by a valid, perfected and enforceable Lien that is not subject to avoidance under bankruptcy or non-bankruptcy law, equal to the value, as determined by the Bankruptcy Court pursuant to Sections 506(a) and 1129(b) of the Bankruptcy Code and Bankruptcy Rule 3012, of (i) the interest of the holder of such Claim in the property of the Debtor securing such Claim, or (ii) the amount subject to setoff under Section 553 of the Bankruptcy Code.

**1.52  Unsecured Claim.** Any Claim that is not (i) an Administrative Claim, (ii) a Secured Claim, or (iii) a Liability Claim.

**ARTICLE II**

**TREATMENT OF UNCLASSIFIED CLAIMS**

**2.1  Unclassified Claims.** As provided in Section 1123(a)(1) of the Bankruptcy Code, Administrative Claims against the Debtor are not classified for purposes of voting on, or receiving distributions under, the Plan.  Holders of such Claims are not entitled to vote on the Plan.  All such Claims are instead treated separately in accordance with this Article II and in accordance with the requirements set forth in Section 1129(a)(9)(A) of the Bankruptcy Code.

**2.2  Administrative Claims.**

**2.2.1  Generally.** Administrative Claims are not placed into voting Classes; instead they are unclassified.  They are not considered impaired and they do not vote on the Plan because they are automatically entitled to the specific treatment provided for them in the Bankruptcy Code.

Each Administrative Claim shall, unless the holder of such Claim shall have agreed to different treatment of such Claim, be paid in full in Cash on the latest of: (a) the 5th Business Day following the Effective Date, or as soon thereafter as practicable; (b) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as practicable; (c) the 10th Business Day after such Claim is Allowed, or as

soon thereafter as practicable; and (d) such date as the holder of such Claim and the Reorganized Debtor may agree.

The Debtor as Disbursing Agent shall make Distributions to the holders of Administrative Claims.

**2.2.2   Administrative Claim Bar Date.**  All requests for allowance and payment of administrative expenses including only unimpaired claims arising post-petition not entitled to priority as an administrative expense of the Chapter 9 Case must be filed by the Administrative Claim Bar Date to be set by order of the Court.  The Administrative Claim Bar Date applies to any Claim (or portion of a Claim) that has previously been filed (in a proof of claim) or listed as undisputed (in the List of Creditors).  To the extent any Creditor asserts that any portion of its Claim (whether filed or listed) is entitled to priority under Section 503(b) and 901 of the Bankruptcy Code or otherwise, that Creditor must file a timely separate request for payment of such priority portion by the Administrative Claim Bar Date (unless such amount has been previously Allowed by order of the Bankruptcy Court).

The Administrative Claim Bar Date does not apply to (a) Administrative Claims previously Allowed by order of the Bankruptcy Court, or (b) administrative expenses that have previously been paid by the Debtor, in whole or in part, in the ordinary course of the Debtor's business.

Any Administrative Claim that must be filed by the Administrative Claim Bar Date and is not timely filed shall be forever barred from asserting a Claim against the Debtor or the Debtor or its property, voting on the Plan, and sharing in any distribution under the Plan.  The definition of an Administrative Claim in Chapter 9 is very limited as compared to Chapter 11 as there is no bankruptcy estate.

**2.2.3   Assumption Obligations and Rejection of Agreements.**  The District has or will soon address all of the executory contracts. Orders assuming, rejecting and assigning are or will be on record.

At least fifteen days prior to the Confirmation hearing the District will determine the treatment of any remaining executory contracts. Any such remaining executory contracts that are not assumed will be deemed rejected, except for Provider Agreements between the District, Medicare, Medi-Cal and/or Medicaid.

**2.3**     **Source of Payment.** The various sources of revenue are shown on Exhibit A to the Disclosure Statement.

**2.4**     **Payments for Services of Expenses in the Chapter 9 Case.** In order to confirm the Plan, all amounts to be paid by the Debtor for services and expenses in the Chapter 9 Case or incident to this Plan must be fully disclosed and reasonable pursuant to Section 943(b)(3) of the Bankruptcy Court. Applications for ratification of all such fees will be filed on or before the Effective Date. Most of these amounts have been paid in the ordinary course of business as is allowed in Chapter 9.

**ARTICLE III**

**CLASSIFICATION OF CLAIMS**

**3.1**     **Summary of Classification.** In accordance with Section 1123(a)(1) of the Bankruptcy Code, all Claims of Creditors (except those Claims receiving treatment as set forth in Article II) are placed in the Classes described below for all purposes, including voting on, confirmation of, and distribution under, the Plan:

| Class 1 | Taxable Refunding Revenue Bonds, Series 2019 | Unimpaired. Not Entitled to Vote. |
|---------|-----------------------------------------------|-----------------------------------|
| Class 2 | Miscellaneous Secured Claims | Unimpaired, Not Entitled to Vote. |
| Class 3 | Unsecured Claims | Impaired, Entitled to Vote. |
| Class 4 | Liability Claims | Unimpaired, Not Entitled to Vote. |
| Class 5 | Administrative Convenience Claims | Unimpaired, Not Entitled to Vote. |

**3.2**     **Specific Classification.**

       **3.2.1   Class 1 – Taxable Refunding Revenue Bonds, Series 2019.** Class 1 consists of the Taxable Refunding Revenue Bonds, Series 2019.

**3.2.2  Class 2 – Miscellaneous Secured Claims.**  Class 2 consists of all Secured Claims against the Debtor. Each holder of a Secured Claim in Class 2 is considered to be in its own separate subclass within Class 2, and each such subclass is deemed to be a separate Class for purposes of the Plan and is numbered Class 2A, Class 2B, etc. (The District contends there are no such secured claims).

**3.2.3  Class 3 – Unsecured Claims.**  Class 3 consists of all Unsecured Claims against the Debtor.

**3.2.5  Class 4 – Liability Claims.**  Class 4 consists of all Liability Claims against the Debtor.

**3.2.6  Class 5 – Convenience Claims.**  Class 5 consists of allowed general unsecured claims for $3,500 or less each who make an election to accept 100% payable on the Effective Date.

**ARTICLE IV**

**TREATMENT OF CLAIMS**

**4.1**     **Classes 1, 2 and 3– General Obligation Bonds.**

**4.1.1  Impairment and Voting.**  Class 1 is not impaired under the Plan and is not entitled to vote on the Plan.

**4.1.2  Treatment.**

**Class 1 Taxable Refunding Revenue Bonds, Series 2019.** Class 1 Taxable Refunding Revenue Bonds, Series 2019 ("2019 Bonds").  On the Effective Date, the 2019 Bonds Claims shall be Allowed in the amount of all then outstanding principal, accrued but unpaid interest on the 2019 Bonds, plus then existing and unpaid Trustee expenses (including professional fees).  From and after the Effective Date, the 2019 Bonds shall continue to be paid in accordance with the applicable Bond Documents without modification of amendment.  Class 1 is unimpaired.

///

///

### 4.2    Class 2 – Miscellaneous Secured Claims.

**4.5.1    Impairment and Voting.**   The Debtor is not currently aware of the existence of any miscellaneous Class 2 Secured Claims. To the extent any such claims are asserted and Allowed then, on or before the Effective Date of the Plan, the Debtor will select one of the following alternative treatments for each holder of an Allowed Secured Claim: (1) the Debtor will leave unaltered the legal, equitable, and contractual rights constituting such Claim, including, without limitation, any Liens related thereto and, on the Effective Date, the Claim shall be reinstated and cured, (2) the Debtor will abandon or surrender to the holder of such Claim the property securing the Claim, in full satisfaction and release of such Claim, or (3) the Debtor will make a Cash payment equal to the amount of such Claim, or such lesser amount to which the holder of the Claim and the Debtor shall agree, in full satisfaction and release of the Claim.

### 4.3    Class 3 – Unsecured Claims.

**4.3.1    Impairment and Voting.**  Class 3 is impaired under the Plan and the holders of Unsecured Claims are entitled to vote on the Plan.

**4.3.2    Treatment.**  Each holder of an Allowed Unsecured Claim shall receive, in exchange for and in full and final satisfaction of such Claim, a Pro Rata share of the distributions to Class 3 from the Plan Fund.  The Debtor estimates that the aggregate amount of allowed Unsecured Claims will be approximately $4,500,000 to $5,500,000 held by approximately 100 ± Class 3 Creditors. The Debtor further estimates that the aggregate percentage distribution to the holders of an Allowed Unsecured Claim will be 44.44% to 55.55%, which is more than will be received if this Chapter 9 case is dismissed. Payment to Class 3 will commence July 1, 2020. Pro rata Payments of $250,000 per year will be made semi-annually to Class 3 claimants on a pro rata basis.

**4.4    Class 4 – Liability Claims.**

         **4.4.1   Impairment and Voting.** Class 4 is not impaired under the Plan and the holders of Liability Claims are deemed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan.

         **4.4.2   Treatment.** Each holder of a Liability Claim shall be paid from the proceeds of any applicable insurance policy or coverage agreement issued to or for the benefit of the District. The District will honor any "deductible" from its operating revenues. These amounts, to the extent determined to constitute a liability of the Debtor, would be payable under applicable insurance or coverage agreements (except any deductible). These claims are provided for in Class 9.

**4.8    Class 5 – Administrative Convenience Claims**

         **4.8.1 Impairment and Voting.** Class 5 is a subclass of Class 3 and is comprised of Administrative Convenience Class Claims, which are defined in the Plan as Allowed Claims that are for $3,500 or less whose holders irrevocably elect to receive 100% of the allowed amount as evidenced on the Ballot submitted by such holder. Under the Plan, on the Effective Date, each holder of an Allowed Administrative Convenience Class Claim who opts into Class 5 will be paid said amount in complete settlement of such claim. The Class 5 Claims are not impaired. The Class 3 claimants that are eligible to opt into to Class 5 are described on Exhibit B.

         **4.8.2 Treatment.** Each holder of a Class 5 claim will be paid 100% of the claim amount on the Effective Date.

**4.6    Nonconsensual Confirmation.**

         In the event that any impaired Class of Claims does not accept the Plan in accordance with Sections 1126 and 1129(a)(8) of the Bankruptcy Code as incorporated by Section 901, the Debtor hereby reserves the right to (i) request that the Bankruptcy Court confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code on the basis that the Plan is fair and equitable as to the holders of Claims in any such

Class, or (ii) amend or modify the Plan in accordance with its terms or as otherwise permitted.

**4.7     Risk Factors.**

There are risks associated with the Debtor's ability to perform the Plan including:

- Property tax revenues may decline.
- Cost and expenses of maintaining District properties may be greater than projected.
- The Lessor of real property may default in payments
- CMC may not continue to lease the Hospital.
- Malpractice awards could exceed coverage.
- Rent revenues may not be achieved.
- Anticipated sales of assets may fail.
- Recoveries in litigation and avoidance claims may not be achieved.
- Additional regulations may be imposed on the District.
- Allowed claims may be greater than $5,500,000.

**ARTICLE V**

**IMPLEMENTATION OF THE PLAN**

The Plan shall be implemented on the Effective Date.  In addition to the provisions set forth elsewhere in this Plan regarding means of execution, the following shall constitute the principal means for the implementation of the Plan.

**5.1     Retention of Property.**  Upon the Effective Date, the Reorganized Debtor shall be vested with all right, title and interest in all of the assets of the Debtor for the purposes set forth in this Plan.

**5.2     Post-Confirmation Operations.**

**5.2.1  Continued Business.**

On and after the Effective Date, the Reorganized Debtor shall continue to operate pursuant to the District Law and other applicable law.  The Reorganized Debtor will continue to own the Hospital and will monitor the lease of the Hospital, own and operate its other assets, provide healthcare services, and may use, acquire and dispose

of its assets without supervision by the Bankruptcy Court and free of any restrictions under the Bankruptcy Code.

      **5.2.2  Payment of Reorganized Debtor Expenses.**  The expenses incurred by the Reorganized Debtor related to the Plan on and after the Effective Date (including the fees and costs of attorneys and other professionals), may be paid in the ordinary course of its affairs without further notice to Creditors or approval of the Bankruptcy Court.

      **5.2.3  Governance.**  On and after the Effective Date, the management, control and operation of the Reorganized Debtor shall continue to be the general responsibility of the District Governing Body.  Each of the members of the District Governing Body shall serve in accordance with applicable non-bankruptcy law.

    **5.3**    **Plan Fund.**  On the Effective Date, the Reorganized Debtor shall establish the Plan Fund for purposes of making Distributions to Class 3 under the Plan. Thereafter the Debtor will deposit into the Plan Fund sufficient funds to make the distributions to Class 3 as provided in the Plan. The Plan Fund shall secure the payment of the obligations of the Reorganized Debtor to Class 3 as provided in the Plan.  The Confirmation Order shall appoint the Reorganized Debtor as the Disbursing Agent under the Plan for the purposes set forth in Section 944(b)(2) of the Bankruptcy Code.

    **5.4**    **Retained Claims and Defenses.**

      **5.4.1  Retention.**  None of the Retained Claims or Defenses shall be precluded, barred or subject to estoppel or laches because the Plan or the Disclosure Statement does not specifically identify a Retained Claim or Defense or the entity against whom a Retained Claim or Defense may be asserted. **Parties in interest, including Creditors, may not rely on the absence of a reference in the Disclosure Statement or the Plan as any indication that the Debtor will not pursue any available Retained Claims and Defenses against such parties.**  The Bankruptcy

Court shall retain jurisdiction to determine any Retained Claims or Defenses. Following the Effective Date, the Reorganized Debtor may compromise or dispose of the Retained Claims and Defenses including avoidance claims without further notice to Creditors or authorization of the Bankruptcy Court.

         **5.4.2  Investigation and Enforcement.**  Pursuant to Section 901 and 1123(b)(3) of the Bankruptcy Code, the Reorganized Debtor shall have and may enforce all lawful powers and authority under the Bankruptcy Code to the extent of and consistent with its authority under the Plan.  The Reorganized Debtor may investigate Retained Claims and Defenses and may assert, settle, adjust or enforce any such claims or defenses without further court approval.

         **5.4.3  Preference Actions Not Waived.**  The statute of limitation for the Debtor to commence actions to recover preferential transfers under Section 547 of the Bankruptcy Code will expire on December 21, 2020, which is two years after entry of the Order for Relief.  The Debtor has reviewed potential Preference Actions under Section 547 of the Bankruptcy Code against Creditors that received payments within the 90 and 365 days preceding the Petition Date and determined that the pursuit of such actions will be cost effective and all rights to pursue all preference or other avoidance actions are preserved.

         **5.5  Distributions.**

         **5.5.1  Reserves for Disputed Claims.**  On the Effective Date, and from time to time thereafter, the Reorganized Debtor will establish adequate and prudent reserves in an amount that is sufficient to make the payments required under the Plan to the holders of Disputed Claims against the Debtor, as and when such claims may be Allowed, amended, settled or withdrawn.  The funds reserved on account of Disputed Claims will not be distributed but will be retained by the Disbursing Agent in accordance with this Plan pending resolution of such Disputed Claims.  No holder of a Disputed Claim shall have any Claim against the reserve with respect to such Claim until such Disputed Claim shall become an Allowed Claim.

**5.5.2  Full and Final Satisfaction.**  Upon the Effective Date, the Reorganized Debtor as the Disbursing Agent shall be authorized and directed to distribute the amounts required under the Plan according to the provisions of the Plan. Upon the Effective Date, all Debts of the Debtor shall be deemed fixed and adjusted pursuant to this Plan and the Debtor shall have no further liability on account of any Claims except as set forth in this Plan.

**5.5.3  No Post-Petition Interest Accrual.**  For purposes of computing distributions under the Plan, unless specifically allowed by the plan noClaim shall include any interest, penalty, premium or late charge accruing on such claim from and after the Petition Date, other than as permitted pursuant to Section 506(b) of the Bankruptcy Code or by a Final Order of the Bankruptcy Court.

**5.5.4  Distribution Procedures.**  Except as otherwise agreed by the holder of a particular Claim, or as provided in this Plan, all amounts to be paid by the Reorganized Debtor under the Plan shall be distributed in such amounts and at such times as is provided for by the Plan.  The Reorganized Debtor shall file all objections to Disputed Claims on or before sixty (60) days of the Effective Date, unless the Bankruptcy Court, for cause shown, extends such deadline.

**5.5.5  Disputed Claims.**  The Reorganized Debtor shall be authorized to settle, or withdraw any objections to, any Disputed Claims following the Confirmation Date without further notice to Creditors or authorization of the Bankruptcy Court, in which event such Claim shall be deemed to be an Allowed Claim in the amount compromised for purposes of this Plan.

**5.5.6  Unclaimed Distributions.**  Any entity which fails to claim any Cash within ninety (90) days from the date upon which a Distribution is first made to such entity shall forfeit all rights to such Distribution under the Plan and the Disbursing Agent shall be authorized to cancel any Distribution that is not timely claimed.  Pursuant to Section 347(b) of the Bankruptcy Code, upon forfeiture, such Cash (including interest thereon, if any) shall revert to the Reorganized Debtor free of any restrictions.  Upon

forfeiture, the claim of any Creditor with respect to such funds shall be discharged and forever barred notwithstanding any federal or state escheat laws to the contrary, and such Creditor shall have no claim whatsoever against the Reorganized Debtor.

**5.5.7 Setoff.** Nothing contained in this Plan shall constitute a waiver or release by the Debtor of any right of setoff or recoupment the Debtor may have against any Creditor. The Reorganized Debtor may, but is not required to, set off or recoup against any Claim and the payments or other distributions to be made under the Plan in respect of such Claim, claims of any nature whatsoever that arose before the Petition Date that the Debtor may have against the holder of such Claim.

**5.5.8 Taxes.** The Disbursing Agent shall be entitled to deduct any federal, state or local withholding taxes from Distributions, as recognized by law. The Disbursing Agent shall be authorized to take all actions necessary to comply with applicable withholding and reporting requirements. Notwithstanding any other provision of this Plan, each holder of an Allowed Claim that receives a Distribution shall have sole and exclusive responsibility for the satisfaction or payment of any tax obligation imposed by any governmental unit, including income, withholding and other tax obligation on account of such distribution.

**5.5.9 De Minimis Distributions.** If any interim distribution under the Plan (other than Class 5) to the holder of an Allowed Claim (other than Class 5) would be less than $25.00, the Disbursing Agent may withhold such distribution until a final distribution is made to such holder. If any final distribution under the Plan to the holder of an Allowed Claim would be less than $25.00, the Disbursing Agent may cancel such distribution. Any unclaimed distributions shall be treated as unclaimed property.

## ARTICLE VI

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1 Assumption.**

The Debtor will assume only the executory contracts and unexpired leases of the Debtor that (i) have otherwise been assumed by a prior order of the Bankruptcy Court,

or (ii) are the subject of a pending motion to assume as of the Confirmation Date. All other remaining such agreements will be deemed rejected, except for Provider Agreements between the District, Medicare, Medi-Cal and/or Medicaid.

**6.2   Rejection.**  On the Effective Date, except as noted above, unless previously ordered or subject to a then pending motion to assume or reject, pursuant to Section 1123(b)(2) of the Bankruptcy Code, the Debtor will reject all remaining executory contracts that have not been previously assumed or rejected (together with any additions, deletions, modifications or other revisions to such Exhibits as may be made by the Debtor prior to the Confirmation Date).  Each executory contract and unexpired lease shall include any modifications, amendments and supplements to such agreement. Any Person asserting any Claim for damages arising from the rejection of an executory contract or unexpired lease of the Debtor under this Plan shall file such Claim on or before the Rejection Claim Bar Date (unless governed by an earlier Order), or be forever barred from (i) asserting such Claim against the Debtor, the Reorganized Debtor or any property of the Debtor, and (ii) sharing in any distribution under the Plan.

**6.3   Assumption Obligations.**  Any Person that fails to object to the assumption by the Debtor of an executory contract or unexpired lease on or prior to the deadline set or previously set by the Bankruptcy Court for filing objections to Confirmation of the Plan shall be forever barred from (i) asserting any other, additional, or different amount on account of such obligations against the Debtor or the Reorganized Debtor, and (ii) sharing in any other, additional or different distribution under the Plan on account of such obligations.  If and to the extent any Assumption Obligation is determined and allowed by the Bankruptcy Court, the Debtor shall satisfy such cure Assumption Obligation by making a Cash payment in the manner provided for Administrative Claims under Article II of the Plan.

**6.4        Effect of Confirmation Order.**

**6.5        The Confirmation Order**  shall constitute an order of the Bankruptcy Court approving, as of the Effective Date, the assumption or rejection by the

Debtor pursuant to Sections 365(a), 901 and 1123(b)(2) of the Bankruptcy Code of all executory contracts and unexpired leases identified under Article VI of the Plan. The contracts and leases identified in the Plan will be assumed or rejected, respectively, only to the extent that such contracts or leases constitute pre-petition executory contracts or unexpired leases of the Debtor, and the identification of such agreements under the Plan does not constitute an admission with respect to the characterization of such agreements or the existence of any unperformed obligations, defaults, or damages thereunder. The Plan does not affect any executory contracts or unexpired leases that (a) have been previously assumed, rejected or terminated prior to the Confirmation Date, (b) are the subject of a pending motion to assume, reject or terminate as of the Confirmation Date, or (c) are not identified for assumption or rejection in the Plan.

**6.6　Indenture.** The Indentures relating to Class 1 shall remain in full force and effect after the Effective Date according to its respective terms.

**ARTICLE VII**

**CONDITIONS PRECEDENT**

**7.1　Conditions to Confirmation.** The following is a condition to the confirmation of the Plan: the Confirmation Order shall have been entered and shall be in a form and substance reasonably acceptable to the Debtor.

**7.2　Conditions to Effectiveness.** The following are conditions precedent to the occurrence of the Effective Date:

　　　　(a)　The Confirmation Date shall have occurred; and

　　　　(b)　The Confirmation Order shall be a Final Order, except that the Debtor reserves the right, in its sole discretion, to cause the Effective Date to occur notwithstanding the pendency of an appeal of the Confirmation Order.

**7.3　Waiver of Conditions.** Conditions to Confirmation and the Effective Date may be waived in whole or in part by the Debtor at any time without notice, an order of the Bankruptcy Court, or any further action other than proceeding to Confirmation and consummation of the Plan.

Chapter 9 Plan of Adjustment

J:\Client\9647-001\PLEADINGS\WJH-1　Chapter 9 DS and
Plan\Plan.Final.072319.nam.docx

## ARTICLE VIII

## EFFECTS OF CONFIRMATION

**8.1    Binding Effect.** The rights afforded under the Plan and the treatment of Claims under the Plan shall be the sole and exclusive remedy on account of such Claims against the Debtor and the Reorganized Debtor, including any interest accrued on such Claims from and after the Petition Date or interest which would have accrued but for the commencement of the Chapter 9 Case.  Confirmation of the Plan shall bind and govern the acts of the Reorganized Debtor and any Creditor of the Debtor, whether or not: (i) a proof of Claim is filed or deemed filed pursuant to Section 501 of the Bankruptcy Code; (ii) a Claim is allowed pursuant to Section 502 of the Bankruptcy Code, or (iii) the holder of a Claim has accepted the Plan.

**8.2    Vesting.** Upon the Effective Date, all property of the Debtor shall vest in the Reorganized Debtor.  Following the Effective Date, the Reorganized Debtor may use, transfer and dispose of any such property free of any restrictions imposed by the Bankruptcy Code or the Bankruptcy Rules and without further approval of the Bankruptcy Court or notice to Creditors, except as may otherwise be required under the Plan or the Confirmation Order.

**8.3    Discharge.** The rights afforded under the Plan and the treatment of Claims under the Plan are in exchange for and in complete satisfaction, discharge, and release of all Claims by Creditors against the Debtor.  Confirmation of the Plan shall discharge the Debtor from all Claims or other debts that arose at any time before the Effective Date whether or not: (i) a proof of claim based on such debt is filed or deemed filed pursuant to Section 501 of the Bankruptcy Code; (ii) a Claim based on such debt is Allowed pursuant to Section 502 of the Bankruptcy Code; or (iii) the holder of a Claim has accepted the Plan. As of the Effective Date, all Creditors that have held, currently hold or may hold a Claim or other debt or liability that is discharged or any other right that is terminated under the Bankruptcy Code or the Plan are permanently enjoined from commencing or continuing any action, the employment of process, or other act, to

collect, recover or offset any such Claim as a personal liability of the Debtor or the Reorganized Debtor to the full extent permitted by Sections 524(a)(1) and (2) of the Bankruptcy Code.

**8.4**     **No Exceptions to Discharge Under Plan.** There are no debts of the Debtor that are excepted by the Plan from the discharge afforded the Debtor under Section 944 of the Bankruptcy Code. All debts including debts arising post-petition not allowed as administrative expense claims will be discharged upon Confirmation.

**8.5**     **Limitation of Liability.** The Debtor, the Reorganized Debtor and their respective Agents shall have all of the benefits and protections afforded under Section 1125(e) of the Bankruptcy Code and applicable law.

**8.6**     **Exoneration.** The Debtor, the Reorganized Debtor, and their respective Agents and attorneys shall not be liable, other than for gross negligence or willful misconduct, to any holder of a Claim or any other entity with respect to any action, omission, forbearance from action, decision, or exercise of discretion taken at any time after the Petition Date and prior to the Effective Date in connection with: (a) the management or operation of the Debtor or the discharge of its duties under the Bankruptcy Code, (b) the implementation of any of the transactions provided for, or contemplated in, the Plan, (c) any action or inaction taken in connection with either the enforcement of the Debtor's rights against any entities or the defense of Claims asserted against the Debtor with regard to the Chapter 9 Case, (d) any action taken in the negotiation, formulation, development, proposal, disclosure, Confirmation or implementation of the Plan, or (e) the administration of the Plan or the assets and property to be distributed pursuant to the Plan. The exonerated persons, and their respective Agents, may reasonably rely upon the opinions of their respective counsel, accountants, and other experts and professionals and such reliance, if reasonable, shall conclusively establish good faith and the absence of gross negligence or willful misconduct; provided however, that a determination that such reliance is unreasonable shall not, by itself, constitute a determination or finding of bad faith, gross negligence or

willful misconduct.  Any action, suit or proceeding by any holder of a Claim or any other entity contesting any action, omission, forbearance from action, decision or exercise of discretion in connection with the matters in subsections *(a)* through *(e)* above, by the Debtor, the exonerated persons and their respective Agents, or any of them, whether commenced before or after the Effective Date, shall be commenced only in the Bankruptcy Court.

**ARTICLE IX**

**RETENTION OF JURISDICTION**

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over the Chapter 9 Case after the Effective Date pursuant to Section 945(a) of the Bankruptcy Code, including, without limitation, jurisdiction to:

(a)     Allow, disallow, determine, liquidate, classify, estimate, or establish the priority or secured or unsecured status of any Claim, including the resolution of any request for payment of any Administrative Claim and the resolution of any objections to the allowance or priority of Claims;

(b)     Resolve any matters related to the assumption, assumption and assignment, or rejection of any executory contract or unexpired lease to which the Debtor is a party and to hear, determine and, if necessary, liquidate, any Claims arising from, or Assumption Obligations related to, such assumption or rejection;

(c)     Ensure that Distributions to holders of Allowed Claims are accomplished in accordance with the Plan;

(d)     Decide or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters and grant or deny any applications or motions involving the Debtor that may be pending on the Effective Date;

(e)     Enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments,

releases, and other agreements or documents created in connection with the Plan or the Disclosure Statement;

(f)　　Resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of the Plan or any Person's obligations incurred in connection with the Plan;

(g)　　Modify the Plan before or after the Effective Date under Section 942 of the Bankruptcy Code or modify the Disclosure Statement or any contract, instrument, release, or other agreement or document created in connection with the Plan or the Disclosure Statement; or remedy any defect or omission or reconcile any inconsistency in any Bankruptcy Court order, the Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created in connection with the Plan and the Disclosure Statement, in such manner as may be necessary or appropriate to consummate the Plan, to the extent authorized by the Bankruptcy Code;

(h)　　Issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation or enforcement of the Plan, except as otherwise provided in the Plan;

(i)　　Enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated;

(j)　　Determine any other matters that may arise in connection with or related to the Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, release, or other agreement or document created in connection with the Plan, the Disclosure Statement or the Confirmation Order, except as otherwise provided in the Plan;

(k)　　Hear and determine Retained Claims and Defenses commenced by the Debtor or the Reorganized Debtor; and

1      (l)    Enter a final decree closing the Chapter 9 Case pursuant to Section

2 945(b) of the Bankruptcy Code which provides for the retention of jurisdiction by the

3 Bankruptcy Court for purposes of this Article IX.

**ARTICLE X**

**AMENDMENT AND WITHDRAWAL OF PLAN**

6     **10.1   Amendment of the Plan.** At any time before the Confirmation Date, the

7 Debtor may alter, amend, or modify the Plan under Section 942 of the Bankruptcy

8 Code, <u>provided that</u>, such alteration, amendment, or modification does not materially

9 and adversely affect the treatment and rights of the holders of Claims under this Plan.

10 After the Confirmation Date and before the effectiveness of the Plan, the Debtor may,

11 under Section 942 of the Bankruptcy Code, institute proceedings in the Bankruptcy

12 Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the

13 Disclosure Statement, or the Confirmation Order, or as otherwise may be necessary to

14 carry out the purposes and effects of the Plan so long as such proceedings do not

15 materially and adversely affect the treatment of holders of Claims under the Plan;

16 <u>provided, however</u>, that prior notice of such proceedings shall be served in accordance

17 with the Bankruptcy Rules or applicable order of the Bankruptcy Court.

18     **10.2   Revocation or Withdrawal of the Plan.** The Debtor reserves the right to

19 revoke or withdraw this Plan at any time in its sole discretion. If the Plan is withdrawn or

20 revoked, then the Plan shall be deemed null and void, and nothing contained in the Plan

21 shall be deemed a waiver of any Claims by or against the Debtor or any other Person in

22 any further proceedings involving the Debtor or an admission of any sort, and this Plan

23 and any transaction contemplated by this Plan shall not be admitted into evidence in

24 any proceeding.

**ARTICLE XI**

**MISCELLANEOUS**

27     **11.1   Effectuating Documents; Further Transactions; Timing.** The Debtor

28 shall be authorized and directed to execute, deliver, file, or record such contracts,

instruments, releases, and other agreements or documents, and to take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan. All transactions required to occur on the Effective Date under the terms of the Plan shall be deemed to have occurred simultaneously.

**11.2 Governing Law.** Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties and obligations of the Debtor, the Reorganized Debtor and any other Person arising under the Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of California, without giving effect to California's choice of law provisions.

**11.3 Modification of Treatment.** The Reorganized Debtor may modify the treatment or payment terms of any Allowed Claim in any manner adverse only to the holder of such Claim at any time after the Effective Date upon the prior written consent of the holder whose Allowed Claim treatment is being adversely affected.

**11.4 Method of Payment.** The Reorganized Debtor shall make Cash payments: (X) in U.S. dollars by check, draft or warrant, drawn on a domestic bank selected by the Reorganized Debtor in its sole discretion, or by wire transfer from a domestic bank, at the Reorganized Debtor's option, and (Y) by first-class mail (or by other equivalent or superior means as determined by the Reorganized Debtor). Whenever any deposit, payment or distribution to be made under the Plan is due on a day other than a Business Day, such deposit, payment or distribution may instead be made, without interest, on the immediately following Business Day.

**11.5 Notice of Confirmation.** As soon as practicable following the Effective Date of the Plan, the Reorganized Debtor shall file and serve notice of the entry of the Confirmation Order in the manner required under Bankruptcy Rule 2002(f). The notice shall further identify the Effective Date and shall set forth the Administrative Claim Bar Date, the Rejection Claim Bar Date and any other deadlines that may be established under the Plan or the Confirmation Order.

**11.6   Severability of Plan Provisions.**  If, prior to the Confirmation Date, any provision of the Plan is judicially determined to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions of the Plan shall not in any way be affected or impaired thereby and the Court will have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable and consistent with the original purpose of the term or provision held to be invalid.  The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable in accordance with its terms

**11.7   Notices.**  Except as otherwise provided in the Plan, any notice or other communication required or permitted under the Plan will be in writing and deemed to have been validly served, given, delivered, and received upon the earlier of: (x) the first business day after transmission by facsimile or hand delivery or deposit with an overnight express service or overnight mail delivery service; or (y) the third calendar day after deposit in the United States mail, with proper first class postage prepaid.  If such notice is made to the Reorganized Debtor, it shall be addressed as follows:

Coalinga Regional Medical Center
c/o Wanger Jones Helsley
Attn: CRMC
265 E. River Park Cir., Ste. 310
Fresno, CA 93720
rwalter@wjhattorneys.com

And

Baker Manock & Jensen
Attn:  Peter Zeitler
5260 N. Palm Ave., Ste. 421
Fresno, CA  93804
pzeitler@bakermanock.com

And

Coalinga Regional Medical Center
Attention:  President of District
1191 Phelps Ave.
Coalinga, CA 93210
wallen@coalingahospital.com

**11.7.1 Notice to Creditors.**  Notices to Creditors will be sent to the address set forth in its proof of Claim or, if none was filed, to the address set forth in the List of Creditors.

**11.7.2 Post Confirmation Notices.**  Following the Effective Date, notices will only be served on the Reorganized Debtor and those Creditors who file with the Court and serve upon the Reorganized Debtor a request, which includes such Creditor's name, contact person, address, telephone number and facsimile number, that such Creditor receive notice of any post-Confirmation matters.  Creditors who had previously filed with the Court requests for special notice of the proceedings and other filings in the Chapter 9 Case will not receive notice of post-Confirmation matters unless such Creditors file a new request in accordance with this Section 11.7.2.

**11.8    Incorporation by Reference.**  All exhibits, schedules and supplements to the Plan are incorporated and are made a part of the Plan as if set forth in full in the Plan.

**11.9    Computation of Time.**  In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.  Any reference to "day" or "days" shall mean calendar days, unless otherwise specified herein.

///

///

///

///

1    **11.10 Conflict of Terms.** In the event of a conflict between the terms of this

2    Plan and the Disclosure Statement, the terms of this Plan will control.

3

4                              Submitted By:

5    Dated: July 24, 2019          COALINGA REGIONAL MEDICAL CENTER,

6                               A California Healthcare District

7

8                      By: _____

9                           William Lewis, President of the Board of

10                           Directors

11    Dated: July 31, 2019          WANGER JONES HELSLEY PC

12

13

14                      By: _____

                           Riley C. Walter, Attorneys for

15                           Coalinga Regional Medical Center

16

17

18

19

20

21

22

23

24

25

26

27

28

M:\A-C\CRMC\PLEADINGS\WJH-1 Chapter 9 DS and
Plan\Plan.Final.072319.nam.docx